UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-844 JVS (JDEx) | Date | May 8, 2020 |
|---|---|---|---|

| Title | **Kevin Muldoon v. Gavin Newsom et al** |
|---|---|

Present: The
Honorable          **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order</u> <u>Regarding</u>  <u>Plaintiff's</u> <u>Application</u> <u>for</u> <u>Temporary</u> <u>Restraining</u> <u>Order</u>**

Plaintiff Kevin Muldoon ("Muldoon") applied *ex parte* for a temporary restraining order ("TRO") against Gavin Newsom, in his official capacity as the Governor of California; Xavier Becerra, in his official capacity as the Attorney General of California; Mark Ghilarducci, in his official capacity as the Director, Governor's Office of Emergency Services; and Wade Crowfoot, in his official capacity as the Secretary, California Natural Resources Agency (together, "Defendants").  TRO App., Dkt. No. 5. Defendants filed an opposition.  Opp'n, Dkt. No. 14.

For the following reasons, the Court **DENIES** Muldoon's application.

## I. BACKGROUND

On May 4, 2020, Muldoon filed a Complaint against Defendants, alleging that the COVID-19-related closure of the beaches in Orange County, California, including the beaches in Newport Beach,  infringes his federal and state constitutional rights.  <u>See generally</u>, Complaint, Dkt. No. 2.  Although he is a Councilman for Newport Beach, Muldoon sues in his individual capacity.  <u>Id</u>. ¶ 13.  His suit stems from the Governor's Office of Emergency Services April 30 letter to Orange County Supervisors mandating that all Orange County beaches close as of May 1.  <u>Id</u>. ¶ 29; <u>see also</u> Declaration of Lara Haddad ("Haddad Decl."), Dkt. No. 14-1, Ex. 3.

Muldoon "seeks by [his TRO] a return to the status quo ante, that is the status of the beaches of Orange County being open to the public prior to the Governor's unlawful April 30, 2020 order."  TRO App. at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-844 JVS (JDEx)                                    Date   May 8, 2020

Title       **Kevin Muldoon v. Gavin Newsom et al**

On May 6, the Governor's Office of Emergency Services and California Natural
Resources Agency wrote to Newport Beach, stating that the State had reviewed and
approved the City's COVID-19 Beach Access Plan.  Haddad Decl., Ex. 13.  Similar
approvals had been granted for the cities of Dana Point, Huntington Beach, Laguna
Beach, Seal Beach, and San Clemente.  <u>Id.</u>, Exs. 4, 5, 8-10.  At present, the beaches of all
cities in Orange County have been opened.

## II.  LEGAL STANDARD

For a temporary restraining order to issue, the plaintiff has the burden to establish
(1) a likelihood of success on the merits, (2) the possibility of irreparable injury if the
preliminary relief is not granted, (3) the balance of hardships favors the plaintiff, and (4)
advancement of the public interest.  <u>Winter</u> <u>v.</u> <u>Natural</u> <u>Res.</u> <u>Def.</u> <u>Council,</u> <u>Inc.</u>, 129 S. Ct.
365, 374 (2008); <u>see</u> <u>also</u> <u>Raich</u> <u>v.</u> <u>Ashcroft</u>, 352 F.3d 1222, 1227 (9th Cir. 2003).
In the Ninth Circuit, the plaintiff may meet this burden if it "demonstrates either a
combination of probable success on the merits and the possibility of irreparable injury or
that serious questions are raised and the balance of hardships tips sharply in his favor."
<u>Save</u> <u>Our</u> <u>Sonoran,</u> <u>Inc.</u> <u>v.</u> <u>Flowers</u>, 408 F.3d 1113, 1120 (9th Cir. 2005) (internal
quotations and citation omitted); <u>Alliance</u> <u>for</u> <u>the</u> <u>Wild</u> <u>Rockies</u> <u>v.</u> <u>Cottrell</u>, 632 F.3d
1127, 1134-35 (9th Cir. 2011). "These two formulations represent two points on a sliding
scale in which the required degree of irreparable harm increases as the probability of
success decreases. They are not separate tests but rather outer reaches of a single
continuum." <u>Save</u> <u>Our</u> <u>Sonoran,</u> <u>Inc.</u>, 408 F.3d at 1120 (internal quotations and citations
omitted). "To reach this sliding scale analysis, however, a moving party must, at an
'irreducible minimum,' demonstrate some chance of success on the merits." <u>Global</u>
<u>Horizons,</u> <u>Inc.</u> <u>v.</u> <u>U.S.</u> <u>Dep't</u> <u>of</u> <u>Labor</u>, 510 F.3d 1054, 1058 (9th Cir. 2007).

## III.  DISCUSSION

### A.       The action is moot

"[F]ederal courts have no jurisdiction to hear a case that is moot, that is, where no
actual or live controversy exists."  <u>Cook</u> <u>Inlet</u> <u>Treaty</u> <u>Tribes</u> <u>v.</u> <u>Shalala</u>, 166 F.3d 986, 989
(9th Cir. 1999).  A case becomes moot "when the issues presented are no longer 'live' or
the parties lack a legally cognizable interest in the outcome."  <u>Already,</u> <u>LLC</u> <u>v.</u> <u>Nike,</u> <u>Inc.</u>,
133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-844 JVS (JDEx)                    Date   May 8, 2020

Title      **Kevin Muldoon v. Gavin Newsom et al**

---

"Closely related to Article III mootness is the 'prudential mootness' arising from doctrines of remedial discretion."  Sierra Club v. Babbitt, 69 F. Supp. 2d 1202, 1244 (E.D. Cal. 1999).  Prudential mootness addresses "not the power to grant relief but the court's discretion in the exercise of that power."  Chamber of Commerce v. United States Dep't of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980).  A controversy may be "so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant."  Id.

Defendants argue that because the beaches in Newport Beach, as well as all other municipal beaches in the County, have reopened, albeit with restrictions, Muldoon's application for a TRO is moot, and he cannot demonstrate either a likelihood of success on the merits or irreparable harm.  Opp'n at 8-9.

The Court agrees.  The beaches in Orange County are once again open to the public  Haddad Decl., Ex. 13. Therefore, the Court is unable to provide the relief that Muldoon seeks, and his application for an injunction is moot.  TRO at 15.

**A.     Even if his case were not moot, Muldoon has not satisfied the Winter factors**

In any event, the Court finds that Muldoon has not met his burden of showing that the Winter factors are present here.

Muldoon argues that the closure of the Newport Beach beaches and other beaches violates his constitutional rights.  TRO App. at 16-23.  But "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members." Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 27 (1905).  States and municipalities have greater leeway to burden constitutionally protected rights during public emergencies:

> In every well-ordered society charged with the duty of conserving the safety of its members the rights of the individual in respect of his liberty may at times, under the pressure of great dangers, be subjected to such restraint, to be enforced by reasonable regulations, as the safety of the general public may demand.

Id. at 29.  The act of closing the municipal beaches – which has been lifted – would likely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-844 JVS (JDEx)                    Date   May 8, 2020

Title      **Kevin Muldoon v. Gavin Newsom et al**

survive the deferential analysis the Court employs in response to an executive action taken pursuant to the Governor's emergency powers.  See Cross-Culture Christian Ctr. v. Newsom, 2020 WL 2121111, at * 4-*5 (E.D. Cal. May 5, 2020).  Thus, the Court finds Muldoon is not likely to succeed on the merits of his challenge to the closure of the beaches.

Notably, Muldoon does not declare that he attempted to visit a local beach and was prevented from doing so, or that he even wanted to go to the beach.  See generally, Declaration of Kevin Muldoon, Dkt. No. 5-1.  This deficiency, in combination with the re-opening of Newport Beach's beaches, casts doubt on Muldoon's claims regarding irreparable harm.

Finally, the balance of hardships tips substantially in favor of state, given the public's strong interest in reducing the spread of COVID-19 with measures designed to limit physical contact.  See Gish v. Newsom, 2020 WL 1979970, at *5 (C.D. Cal. April 23, 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.  For like reasons, the Court declines to issue an order to show cause regarding a preliminary injunction.

**IT IS SO ORDERED.**

                                                                     :          0

                                             Initials of Preparer        lmb